FILED
IN CLERKS OFFICE
U.S. ... COURT ED N.Y:
MAY 2 4 2006
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CONNIE AUSTIN,

        Plaintiff,

-against-

COLEEN DRUMMON,

        Defendant.
----------------------------------------X

MEMORANDUM
AND ORDER
06-CV-02046 (ENV)

**VITALIANO, United States District Judge:**

Plaintiff, proceeding *pro se*, brings the instant action alleging fraud in the administration of her father's estate by his wife. Plaintiff paid the filing fee to commence this action. As currently stated, the court lacks subject matter jurisdiction over the complaint. The Court directs plaintiff to amend her complaint within twenty (20) days of this Order to allege a basis for this Court's subject matter jurisdiction.

### Background

Plaintiff's father, Harry Austin ("Austin"), wed defendant, Coleen Drummon Austin, on August 30, 2002. Complaint at 2. Plaintiff did not become aware of the marriage however until "approximately six or seven months before my Dad's death" on August 9, 2005. Complaint at 2. Plaintiff alleges that the marriage was kept a secret from the children, that it was obtained to avoid defendant's deportation and that her father and defendant never resided together. Id. at 2-3.

Plaintiff learned that Austin was diagnosed with lymphoma when he was admitted to hospital for treatment on February 18, 2004, but alleges that "he was sick when he married

1

Colleen." Id. During Austin's hospital stay, plaintiff learned from the hospital staff that defendant had identified herself as Austin's daughter-in-law. Later, as Austin's "illness became more terminal and he was re-admitted into the hospital, Coleen attempted to give the doctors the impression that she was his spouse." Id. Austin died on August 9, 2005. Id. at 3.

On August 25, 2005, defendant petitioned the Surrogate's Court of the State of New York, County of Queens for letters of administration and claimed therein, and in an amended petition for letters of limited administration submitted September 27, 2005, to "be a United States Citizen" although plaintiff maintains defendant is not. Id. In papers submitted to the Surrogate's Court, defendant states that such characterization was a mistake. Id. Plaintiff also alleges that defendant misrepresented to the Surrogate's Court that Austin and she resided together. Id.

Plaintiff alleges that defendant is "fraudulent" and "should be scrutinized to determine w[h]ether the relations and marriage were genuine, legal and not solely to ascertain U.S. citizenship and mon[e]tary status." Id. at ¶ IV.

## Discussion

A. <u>Subject Matter Jurisdiction</u>

"[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." <u>Arbaugh v. Y & H Corp.</u> 126 S. Ct. 1235, 1244 (2006). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." <u>Manway Constr. Co. Inc. v. Housing Authority of City of Hartford</u>, 711 F.2d 501, 503 (2d Cir. 1983); <u>see also</u> Fed. R. Civ. P. 12 (h)(3).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

B. <u>No Federal Jurisdiction Over Plaintiff's Complaint</u>

*Pro se* complaints are entitled to a close and sympathetic reading. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) (*per curiam*). Despite such a reading of plaintiff's complaint, the complaint does not satisfy diversity jurisdiction (both plaintiff and defendant live in the State of New York), nor, as presently written, does the complaint raise a federal question.

C. <u>Probate Exception to Federal Jurisdiction</u>

Even if the Court had subject matter jurisdiction, to the extent plaintiff seeks to have this court administer the assets of her father's estate, her claims may be barred by the probate exception. If an action seeks review of a probate matter, and if the action satisfies the statutory requisites of federal jurisdiction, the Court must determine if the probate exception applies. <u>Marshall v. Marshall</u>, ___ U.S. ___, 126 S. Ct. 1735 (2006) ("[d]ecisions of this Court have recognized a 'probate exception' . . . to otherwise proper federal jurisdiction.") (citing <u>Markham v. Allen</u>, 326 U.S. 490, 494 (1946)). The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court. <u>Id.</u> But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction. <u>Id.</u>; <u>Moser v. Pollin</u>, 294 F.3d 335 (2d Cir. 2002).

There must first be federal jurisdiction before applying the exception. In <u>Marshall</u>, federal

3

jurisdiction was "premised on 28 U.S.C. § 1334, the statute vesting in federal district courts jurisdiction in bankruptcy cases and related proceedings." In Markham, jurisdiction was predicated on a section of the judicial code which provides for federal jurisdiction over suits brought by an officer of the United States. 326 U.S. at 491-2. In the bulk of the cases discussing the probate exception, federal jurisdiction was premised on diversity jurisdiction. See e.g. Moser, 294 F.3d at 340; Dulce v. Dulce, 233 F.3d 143 (2d Cir. 2000); Green v. Doukas, 205 F.3d 1322 (2d Cir. 2000); Executor of Estate of Kates v. Northern Trust Corp., No 04 CV 5153, 2005 WL 3088695, at *2 (E.D.N.Y. Nov. 17, 2005); Lefkowitz v. Bank of New York, No. 01 Civ. 6252, 2003 WL 22480049 (S.D.N.Y. Oct. 31, 2003).

D. Challenge to Defendant's Immigration Status

Plaintiff states that the Court has jurisdiction "pursuant to the legality of Coleen Drummons U.S. citizenship." Complaint at 1.[1] Plaintiff is mistaken. Not only is this court without jurisdiction to review the citizenship status of her deceased father's wife, Reno v. Flores, 507 U.S. 292 (1993); Fiallo v. Bell, 430 U.S. 787, 792 (1977); United States v. Valenzuela-Bernal, 458 U.S. 858, 864 (1982) (judicial review in matters pertaining to immigration is narrowly circumscribed, with control over that area firmly embedded within legislative and executive branches of government); plaintiff is likely without standing to do so. Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80 (1978) ("[w]e have . . . narrowly limited the circumstances in which one party will be given standing to assert the legal rights of another.").

---

[1] To the extent plaintiff seeks to challenge defendant's alleged misrepresentation of her citizenship to the Surrogate's Court, see Complaint at 3 ("she submitted legal documents to the court in which listed herself as an American Citizen"), plaintiff should pursue that claim in the Surrogate's Court.

## Conclusion

In light of plaintiff's *pro se* status, the Court grants plaintiff twenty (20) days to amend her complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should be afforded opportunity to amend complaint prior to dismissal). In the amended complaint, plaintiff must set forth a basis for the exercise of this Court's subject matter jurisdiction.

Plaintiff is hereby directed to file an amended complaint within twenty (20) days from the date of this Order that complies with this Order. The complaint should be captioned "AMENDED COMPLAINT" and bear the appropriate docket number. A copy of this Order shall be attached to the amended complaint. All further proceedings shall be stayed for twenty (20) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
May 22, 2006

SO ORDERED.

ERIC N. VITALIANO
United States District Judge